# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

michael@faillacelaw.com

September 9, 2019

**BY ECF**
Honorable Vernon S. Broderick
United States District Judge
United States District Court
40 Foley Square
New York, NY 10007

Re: Carmona Varillas et al v. Mini Mint, Inc. et al
18-cv-11104-VSB

Dear Judge Broderick:

This office represents Plaintiffs Julio Carmona Varillas and Roberto Colmenares de Jesus ("Plaintiffs") in the above-referenced matter. Plaintiffs write to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair. At the outset the parties jointly apologize to the court for the delay in filing as it took longer than expected to obtain all of the parties' signatures on the agreement.

The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions and mediation before a court appointed mediator. A copy of the proposed Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

### 1. **Background**

Plaintiffs filed the Complaint in this action, alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL").

Plaintiff Carmona was employed by Defendants from approximately 2009 until on or about November 5, 2018. From approximately November 2012 until on or about October 19, 2014, Plaintiff Carmona worked approximately 50 hours per week. From approximately October 20, 2014 until on or about March 2015, Plaintiff Carmona worked approximately 64 hours per week.

From approximately April 2015 until on or about November 5, 2018, Plaintiff Carmona worked approximately 43 hours per week. From approximately November 2012 until on or about December 2013, Defendants paid Plaintiff Carmona $5.00 per hour. From approximately January 2014 until on or about May 2017, Defendants paid Plaintiff Carmona $7.25 per hour. From approximately June 2017 until on or about December 2017, Defendants paid Plaintiff Carmona $7.65 per hour. From approximately January 2018 until on or about November 5, 2018, Defendants paid Plaintiff Carmona $8.65 per hour. Plaintiff Carmona's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

Plaintiff Colmenares was employed by Defendants from approximately 2004 until on or about August 2017. From approximately November 2012 until on or about October 2013, Plaintiff worked approximately 30 hours per week. From approximately October 2013 until on or about October 19, 2014, Plaintiff Colmenares worked approximately 40 hours per week. From approximately October 20, 2014 until on or about March 2015, Plaintiff Colmenares worked approximately 64 hours per week. From approximately April 2015 until on or about August 2017, Plaintiff Colmenares worked approximately 40 hours per week. From approximately November 2012 until on or about December 2013, Defendants paid Plaintiff Colmenares $5.00 per hour. From approximately January 2014 until on or about May 2017, Defendants paid Plaintiff Colmenares $7.25 per hour. From approximately June 2017 until on or about August 2017, Defendants paid Plaintiff Colmenares $7.50 per hour. Plaintiff Colmenares's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

Defendants categorically deny the allegations in the Complaint.

## 2. Settlement Terms

Plaintiff Carmona alleges he was entitled to back wages of approximately $41,244.33. Plaintiff Carmona estimates that if he had recovered in full for his claims, he would be entitled to approximately $109,242.64 which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs.

Plaintiff Colmenares alleges he was entitled to back wages of approximately $62,397. Plaintiff Colmenares estimates that if he had recovered in full for his claims, he would be entitled to approximately $72,244.72 which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs.

The parties have agreed to settle this action for the total sum of $52,500. The settlement will be paid in monthly installments.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot*

Page 3

*U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Defendants were adamant that Plaintiffs were properly compensated through the taking of a tip credit. If Defendants were to prevail on their defenses Plaintiffs would be in a position to possibly receive no compensation.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3.    Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreement with Plaintiffs, Plaintiffs' counsel will receive $17,766.68 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation (inclusive of costs) as well as a reduction in fees from what is identified in Plaintiffs' retainer agreement, which provides that forty percent of Plaintiffs' recovery will be retained by the firm plus costs.

Plaintiff's counsel's lodestar in this case is $7,305.00. A copy of Plaintiffs' billing record is attached as "Exhibit C." Mr. Michael Faillace's standard billing rate is $450 an hour (MF), Mr. Gennadiy Naydenskiy's standard billing rate is $350 an hour (GN), and Mr. Daniel Tannenbaum's standard billing rates is $350 an hour (DT).

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation; *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See*

Page 4

*Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsels' significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations.

A brief biography of the attorneys who performed billed work in this matter is as follows:

I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and Associates from May 2012.

Daniel Tannenbaum is an associate at Michael Faillace & Associates, P.C. He graduated Hofstra Law School in 2008, and is admitted to the New York Bar, New Jersey Bar, United States District Court, Southern District of New York and the United States District Court, Eastern District of New York. Since law school he has practiced labor and employment law and commercial litigation at a number of law firms. Since joining Michael Faillace & Associates, P.C. in March 2019, he has been responsible for a caseload involving all aspects of the firm's employment docket in federal court.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/Michael Faillace

Page 5

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for the Plaintiff

Enclosures