**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JULIO CARMONA VARILLAS and
ROBERTO COLMENARES DE JESUS,
*individually and on behalf of others similarly*
*situated,*

Plaintiffs,

-against-

MINI MINT, INC. (D/B/A DISHES), CITY
MINT, INC. (D/B/A DISHES), MENTA,
INC. (D/B/A DISHES), LITTLE MINT, INC.
(D/B/A DISHES), MOSHE MALLUL,
MARGARITA TALISMAN, and KIMO
FARRAG,

Defendants.

**18-cv-11104**

**SETTLEMENT AGREEMENT**
**AND RELEASE**

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Julio Carmona Varillas ("Plaintiff Carmona") and Plaintiff Roberto Colmenares de Jesus ("Plaintiff Colmenares") on the one hand, Mini Mint, Inc. (d/b/a Dishes), City Mint, Inc. (d/b/a Dishes), and Little Mint, Inc. (d/b/a Dishes) ("Defendant Corporations"), Moshe Mallul, Margarita Talisman, and Kimo Farrag ("Individual Defendants"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiffs alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York District of New York, Civil Action No: 18-cv-11104 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, as defendants named in the Litigation deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u> Defendants shall pay or cause to be paid to Plaintiffs and their counsel, subject to the terms and conditions of this Agreement, the gross sum of Fifty-Two Thousand Five Hundred

Dollars and No Cents (**$52,500.00**) (the "Settlement Amount") to be paid to Plaintiffs' attorneys in Two ("2") installments, as follows:

(a)     Installment One: The amount of Twenty-Six Thousand Two Hundred and Fifty Dollars and No Cents ($26,250.00), for immediate deposit Thirty Days (30) after court approval of the settlement agreement, delivered to Plaintiffs' counsel, made payable as follows:

| Julio Carmona Varillas | $5,209.99 by IRS Form 1099 and $5,209.99 by W-2 |
|---|---|
| Roberto Colmenares de Jesus | $3,473.34 by IRS Form 1099 and $3,473.34 by W-2 |
| Michael Faillace & Associates, attorneys' fees and costs | $8,883.34 |

(b)     Installment Two: Starting One-Hundred and Eighty Days (180) days after the due date of payment 1(a), and for One (1) payment to be delivered to Plaintiffs' counsel every thirty (30) days thereafter, the amount of Twenty-Six Thousand Two Hundred and Fifty Dollars and No Cents ($26,250.00), for immediate deposit by due date and delivered to Plaintiffs' counsel, made payable as following:

| Julio Carmona Varillas | $5,209.99 by IRS Form 1099 and $5,209.99 by W-2 |
|---|---|
| Roberto Colmenares de Jesus | $3,473.34 by IRS Form 1099 and $3,473.34 by W-2 |
| Michael Faillace & Associates, attorneys' fees and costs | $8,883.34 |

Within 30 days of this Agreement being approved by the Court, the checks/payments set forth above in subparagraph (a) shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

Within 180 days after payments of the sums set forth in subparagraph (a) are due, the checks/payments set forth above in subparagraph (b) shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

2.   <u>Release and Covenant Not To Sue</u>: Plaintiffs hereby irrevocably and unconditionally release from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives   and managers, in their respective capacity as such, any and all   FLSA and NYLL wage and hour charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other FLSA and NYLL wage and hour liabilities, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiffs at

any time has, had, claims or claimed to have against Defendants that have occurred as of the Effective Date of this Agreement. Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiffs relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3. Upon the signing of this agreement by all parties, the Litigation shall be dismissed with prejudice, each side being responsible for its respective attorney's fees and costs. A copy of the stipulation is annexed hereto as Exhibit "A".

4. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

6. Acknowledgments: Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

7. Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

   To Plaintiffs:

   Michael Faillace, Esq.
   MICHAEL FAILLACE & ASSOCIATES, P.C.
   60 East 42nd St. Suite 4510
   New York, NY 10165
   Tel: (212) 317-1200
   Fax: (212) 317-1620
   Email: michael@faillacelaw.com

   To Defendants:
   Dishes
   6 E 45th Street,
   New York, New York 10017

   With a copy to:

   Ira A Sturm
   Raab, Sturm & Ganchrow, LLP
   2125 Center Avenue, Suite 100
   Fort Lee, NJ 07024
   201-292-0150

Fax: 201-292-0152
Email: isturm@rsgllp.com

8. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York, County of New York in any subsequent proceeding to enforce this Agreement.

**THE RETAINING OF JURISDICTION BY THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK IS A MATERIAL TERM OF THIS AGREEMENT. IF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK CHOOSES TO NOT RETAIN JURISDICTION THEN THIS AGREEMENT IS NULL AND VOID. IF THIS AGREEMENT IS DEEMED NULL AND VOID ALL SUMS PREVIOUSLY PAID SHALL BE RFUNDED AND REPAID BY DELIVERY OF SAME TO DEFENDANTS' ATTORNEYS AT THE ADDRESS SET FORTH IN PARAGRAPH 7 ABOVE.**

9. <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable, it being the intent of the parties to have the broadest release, per the terms of paragraph 2, allowable under applicable law.

10. <u>Release Notification</u>: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

11. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all

parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFFS:

By: _____        Date: 8 - 15 - 19
    JULIO CARMONA VARILLAS


By: _____        Date: 8/16/19
    ROBERTO COLMENARES DE JESUS

DEFENDANTS:

MINI MINT, INC.

By: _____        Date: _____
Name:
Title:


CITY MINT, INC.

By: _____        Date: _____
Name:
Title:

MENTA, INC.

By: _____        Date: _____
Name:
Title:

LITTLE MINT, INC.
By:_____         Date: _____
Name:
Title:


By: _____        Date: _____
    MOSHE MALLUL


By: _____        Date: _____
    MARGARITA TALISMAN

By: _____          Date: _____
        KIMO FARRAG

parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFFS:

By: _____     Date: _____
    JULIO CARMONA VARILLAS


By: _____     Date: _____
    ROBERTO COLMENARES DE JESUS

DEFENDANTS:

MINI MINT, INC.

By: _____     Date: Sept/06/19
Name: _Moshe Mallul_
Title: _President_


CITY MINT, INC.

By: _____     Date: Sept/06/19
Name: _Moshe Mallul_
Title: _President_

MENTA, INC.

By: _____     Date: Sept/06/19
Name: _Moshe Mallul_
Title: _President_

LITTLE MINT, INC.

By: _____     Date: Sept/06/19
Name: _Moshe Mallul_
Title: _President_


By: _____     Date: Sept/06/19
    MOSHE MALLUL


By: _____     Date: 09/06/19
    MARGARITA TALISMAN