```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/6/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                       :

JULIO CARMONA VARILLAS, et al,      :

                                         :

                   Plaintiffs,     :

                                         :          18-CV-11104 (VSB)

          -v-                 :

                                         :              **ORDER**

                                         :

MINI MINT, INC.,                    :
*doing business as*                 :
DISHES,                           :
et al.                               :

                                         :

                   Defendants.   :
-------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

The Court has been advised that the parties have reached a settlement in this Fair Labor

Standards Act ("FLSA") case.  (Doc. 43.)  Parties may not privately settle FLSA claims with

prejudice absent the approval of the district court or the Department of Labor.  *See Cheeks v.*

*Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  In the absence of Department of

Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable."

*Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015).  For

the reasons stated herein, I find that the settlement of the parties is fair and reasonable and therefore

approve the settlement.

I.      **Legal Standard**

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the

totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range

of possible recovery; (2) the extent to which the settlement will enable the parties to avoid

anticipated burdens and expenses in establishing their respective claims and defenses; (3) the

seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  "In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).  In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.*  The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted).  A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 2020 WL 550470, at *6 (citing *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).  "When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

II.     **Discussion**

Pursuant to my Order of September 4, 2019, (Doc. 42), the parties have submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorney's fees, are fair and reasonable, (Doc. 43).  I have independently reviewed the settlement agreement and the supporting evidence in order to determine whether the terms of the settlement agreement are fair, reasonable, and adequate.  I believe that they are and therefore approve the settlement agreement of the parties.

A.     *Settlement Amount*

I first consider the settlement amount.  The agreement provides for a settlement amount of

$52,500.00, with $17,766.68 to be distributed in attorney's fees and costs, for a total distribution to

Plaintiffs of $34,733.32.  (Doc. 43-1.)  Counsel represents that the maximum recovery for the two

Plaintiffs in this case would be $109,242.64 for Plaintiff Carmona and $72,244.72 for Plaintiff

Colmenares.  (Doc. 43, at 2.)  While the settlement amount is therefore only a fraction of the total

amount Plaintiffs claim could be recovered, the parties argue that this settlement is fair in light of

the litigation risks particular to this case.  For instance, Defendant contended throughout this

litigation and during mediation that Plaintiffs were properly compensated through the taking of a tip

credit.  (*Id.* at 3.)  If this defense were to succeed in this case, Plaintiffs would possibly receive no

compensation for their claims.  The parties' settlement agreement appears to have been the result of

arm's-length negotiations, and was finalized after two mediation sessions.  In addition, the potential

costs of continued litigation militate in favor of settlement of this case.  Although the parties

reached a settlement toward the end of discovery, should the Court reject the settlement agreement

the parties would face costly motion practice or an eventual trial.  Finally, there is no basis for me to

believe that there was any fraud or collusion involved in the settlement.  Therefore, based on the

representations of the parties and my own analysis of the totality of the circumstances present here,

I find that the settlement agreement appears to be a fair and reasonable resolution of this dispute.

### B.    *Attorney's Fees*

I next consider the attorney's fees contemplated in the settlement agreement.  The attorney's

fees and costs sought total $17,766.68, $400.00 of which are costs.  $17,766.68 represents

approximately one-third of the total settlement amount.  In support of this request, Plaintiffs'

counsel has submitted its billing records and costs in this case, which total $7,305.00.  (Doc. 43-4.)

In addition, Plaintiffs' counsel represents that, per the terms of its retainer agreement, Plaintiffs

agreed to a forty percent contingency fee at the outset of this litigation.  As an initial matter, courts

regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.  *See Pinzon*

*v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'" (quoting *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)). While this case is still at an early stage, it is clear that Plaintiffs' counsel has expended time on at least the following: investigating and researching Plaintiffs' claims; appearing at two mediation conferences; and negotiating and executing the settlement. A one-third award in this case is far from a windfall for Plaintiffs' counsel, but instead represents reasonable compensation for the work put into this case. This conclusion is buttressed by the fact that the requested amount is only 2.4 times the lodestar. *See Sakikio Fujiwara v. Sushi Yasuda, Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (noting that "a [lodestar] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases"); *Johnson v. Brennan*, No. 10-CV-4712 (CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) ("Courts regularly award lodestar multipliers from two to six times lodestar."). Based on this analysis, I find the attorney's fees contemplated in the settlement agreement to be fair and reasonable.

## III.    Conclusion

For the reasons stated above, I find that the parties' proposed settlement agreement is fair and reasonable. The settlement agreement of the parties is hereby APPROVED. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:      May 6, 2020
            New York, New York

Vernon S. Broderick
United States District Judge